O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vertical Doors, Inc., Plaintiff, v. JT Bonn, Inc., Defendant. | CASE NO: SACV 05-905 JVS(ANx) Consolidated with SACV 06-4972 JVS (ANx) Memorandum of Decision re Invalidity |

Vertical Doors, Inc. ("Vertical Doors") brought these consolidated patent infringement actions against JT Bonn, Inc., Tony Yip, Bill Yip, and John Yip (collectively "JT Bonn"), asserting violation of U.S. Patent No. 6,845,547 ("'547 Patent") and U.S. Patent No. 7,059,655 ("'655 Patent"). JT Bonn asserted by way of affirmative defense that each patent is invalid for obviousness, and those issues were in fact tried. (Pretrial Conference Order, ¶¶ 8(d), (e).)

The Court considers the claims in the '547 Patent and the '655 Patent

that were found to be infringed and not invalid, namely: Claims 8, 9, and 10 of the ‘547 Patent, and Claims 2, 3, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, and 25 of the ‘655 Patent.

## I. Legal Standards.

Obviousness is a bar to patentability:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

(35 U.S.C. § 103(a); emphasis supplied.) Determination of obviousness is a question of law, but must be made on the basis of factual findings. Daiichi v. Sankyo Co., Ltd. v. Apotex, Inc., 501 F. 3d 1254, 1256 (Fed. Cir. 2007). The relevant facts include the level of ordinary skill in the prior art,[1] the scope and content of the prior art, the difference between the invention and the prior art, and objective evidence of non-obviousness. Id. at 1256. From these facts, the Court must resolve the issue of obviousness.

In KSR International Co. v. Teleflex Inc., __ U.S. __, 127 S.Ct. 1727 (2007), the Supreme Court recently revisited the obviousness doctrine. There the

---

[1]On the present record, there is no dispute that such a person at the time of the claimed inventions would have two to three years of work experience in after-market car customization.

Court observed that "when a patent simply arranges old elements with each performing the same function it had been known to perform and yields no more than one would expect from such an arrangement, the combination is obvious." __ U.S at __, 127 S.Ct. at 1740 (internal quotation marks deleted).

JT Bonn bears the burden of proving obviousness. Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 292 (Fed. Cir. 1985).

In the field of patent invalidity a special evidentiary rules applies. The testimony of a single witness is not sufficient. Evidence of invalidity must be corroborated. Texas Digital Systems, Inc. v. Telegenix, Inc., 308 F.3d 1193, 1217 (Fed. Cir. 2002).

II. The Jury's Findings.[2]

The jury was asked as part of its Special Verdict to make a number of findings:

• On the issue of prior art, the jury agreed with Vertical Doors "that the Streetweapon design, the GT Factory design, and the JT Bonn EVO hinge are not prior art or do not meet the requirements for prior art." (Special Verdict, Questions 5(a) ('547 Patent), 17(a) ('655 Patent). With regard to the '655 Patent, the jury further found "the

---

[2]The Court rejects and declines to consider JT Bonn's numerous references to the jurors' supposed misunderstanding of the Special Verdict. (E.g., JT Bonn Memorandum, p. 2 ("the jury in their deliberations did not find prior art only because they misunderstood their task"). The Court will not invade the province of the jury's deliberations. (Fed. R. Evid. 602.)

Streetweapon hinge is missing several elements of the claims[:] plate and swingarm." (Id., Question 17(a).)

• The jury specifically declined to find that "there is no difference between scope of invention and what was known in prior art and the claimed invention. (Id., Questions, 5(b) ('547 Patent), 17(b) ('655 Patent).) They also found that the Streetweapon hinge was missing several elements of each claim.

• The jury also found on some but not all of the secondary considerations bearing on obviousness. The following negate a finding of obviousness:

--commercial success of a product due to the merits of the claimed invention

--copying of the claimed invention by others

--acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention

(Id., Questions 5(c) ('547 Patent), 17(c) ('655 Patent).)

• The jury declined to make one finding which would support an obvious determination: independent invention of the claimed invention by others before or at about the same time as the named

inventor thought of it. (Id. 5(c) ('547 Patent), 17(c) ('655 Patent).)

The Court finds that the jury's responses on the obviousness issues are supported by substantial evidence, and independently adopts those findings as well.

III. Discussion.

The jury's findings are sufficient to reject the claim of invalidity because of obviousness; they negate the presence of a prima facie case. Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966); Daiichi Sankyo Co., 501 F.3d at 1256. However, the Court expands on those findings with further particulars.

A. The Streetweapon.

With regard to the Streetweapon, the Court finds that Daniel Greenbaum did not develop his hinge until after he had access to DeCah/Ham hinge, the forerunner of the Vertical Doors design. (Tr. June 18, 2008, pp 165-66, 193-194.) Moreover, there was a long list of components for the Vertical Doors claims under the patent for which the record is silent on whether they appear in Greenbaum's design.[3]

[3] These include: "sag adjuster screw" ('547 Patent Claims 8, 9, 10; '655 Patent Claims 14, 21, 25); "sag adjuster screw guide mechanism" ('547 Patent Claims 8, 9, 10); "sag adjustment device [coupled to][on] at least one of the chassis mounting plate and the swingarm" ('655 Patent Claims 2, 3, 6, 7, 8, 13, 14); "adjusting the [sag adjuster screw][sag adjustment device][swingarm angle adjuster]" ('655 Patent Claims 5, 13, 14, 16, 17, 18, 19, 20, 21, 24, 25); a sag adjuster screw guide mechanism "rotationally connected" in the horizontal plane to a bi-

Vertical Doors correctly points out that even if Greenbaum's testimony made out a prima facie case, that showing still falls short because it was not corroborated. Texas Digital Systems, Inc., 308 F.3d at 1217.

B. JT Bonn EVO Hinge.

The jury was entitled to disbelieve the documentary evidence which JT Bonn offered to prove that its infringing hinge had been developed and sold prior to the patents in issue here.[4] Rejection of JT Bonn's documentation supports a finding that the hinge was not prior art.

C. The Lambo Concept.

JT Bonn places great emphasis on the obviousness of the fundamental concept behind designing a retrofit Lambo-type door. (JT Bonn Memorandum, pp. 17-18.) Indeed, in virtually all after-market installations, the door must come out and up because the vehicles were not originally designed for an upward hinging door. But that misses the point. What is not obvious is how one accomplishes that

---

directional rotation mechanism ('547 Patent Claims 8, 9, 10); "bi-hinge supports" ('655 Patent Claims 8, 15, 20); "bi-hinge rod" ('655 Patent Claims 8, 15, 20); "stopping pin" ('655 Patent Claims 3, 6); "spring" connected to "the chassis mounting plate and the swingarm" ('655 Patent Claims 7, 10, 11, 18, 24, 25); "spring mounting holes in the chassis mounting plate and swingarm" ('655 Patent Claim 11).

[4]While the evidence of fabrication was not such that it would compel that finding as a matter of law, the substantial weight of the evidence supports that conclusion.

goal, and that is the essence of the patents in issue here. Contrary to JT Bonn's claim, this is not an instance where Vertical Doors simply "arranged old elements with each performing the same function it had been known to perform . . . yield[ing] no more than one would expect from such an arrangement." KSR, 127 S.Ct. 1740 (internal quotation marks deleted).

D. Secondary Finding Not Found.

JT Bonn points out that there were a number of secondary considerations on which the jury did not make a finding. These include: a long felt need for the solution that is provided by the claimed invention, unsuccessful attempts by others to find the solution that is provided by the claimed invention, and unexpected and superior results from the claimed invention. (Special Verdict, Questions 5(c) ('547 Patent), 17(c) ('655 Patent).) The fact that the jury did not find each secondary factor which would negate obviousness does not compel a finding of obviousness when the totality of the evidence is considered. Moreover, on the present record secondary considerations are of less importance where there was no prior art. (Id., Questions 5(a) ('547 Patent), 17(a) ('655 Patent).)

E. DeCah Litigation.

The Court gives little weight to the argument that in earlier litigation involving a different patent, Vertical Doors took the position in pleadings that the '547 was invalid because of obviousness. (JT Bonn Memorandum, pp. 12-14.) Now that Vertical Doors has acquired the '547 Patent as part of the settlement of the DeCah litigation, JT Bonn cries foul when Vertical Doors attempts to fend off JT Bonn's claim of obviousness with respect to the same patent. While the argument may be forensically pleasing, there is no support for a claim of judicial

estoppel, particularly where there was no litigated outcome in the earlier litigation. Indeed, the Court rejected the judicial estoppel argument during the trial. This Court has before it a full record, and the record does not support a finding of obviousness.

## IV. Finding of Fact and Conclusions of Law.

The Court incorporates the above discussion and now enters the following specific findings of fact and conclusions of law.

F1. The level of ordinary skill in the art at the time of the claimed inventions is two to three years of work experience in after-market car customization.

F2. The scope and content of the prior art at the time of the claimed inventions does not include the JT EVO hinge design.

F3. The scope and content of the prior art at the time of the claimed inventions does not include the GT Factory design.

F4. The scope and content of the prior art at the time of the claimed inventions does not include the Streetweapon design. Assuming it did, the Streetweapon design nevertheless does not meet the requirements of prior art.

F.5. The Streetweapon design was missing several elements of the claimed inventions.

F.6. The following factors were established by the evidence with

respect to the claimed inventions: a) commercial success of the product due to the merits of the claimed invention; b) copying of the claimed invention by others; and c) acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention.

C.1. None of Claims 8, 9, and 10 of the '547 Patent are invalid as being obvious.

C.2. None of Claims 2, 3, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, and 25 of the '655 Patent are invalid as being obvious.

Dated: September 29, 2008

James V. Selna
United States District Judge