NEAL M. COHEN (SBN 184978)
VALERIE L. SARIGUMBA (SBN 243713)
Vista IP Law Group LLP
2040 Main Street, 9th Floor
Irvine, California 92614
Tel: (949) 724-1849
Fax: (949) 625-8955

Attorneys for Plaintiff
    Vertical Doors, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Vertical Doors, Inc. <br> Plaintiff, <br> v. <br> J T BONN, INC., et al., <br> Defendants. | SA CV 05-905 JVS (ANx) <br>   consolidated with <br> SA CV 06-4972 JVS (ANx) <br> **AMENDED JUDGMENT PURSUANT TO RULE 79** <br> Honorable James V. Selna <br> Jury Verdict::  June 30, 2008 |

Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure was entered in the above-captioned consolidated actions on March 4, 2009 [Dkt. No. 516 in Case No. SA CV 05-905 JVS (ANx), and Dkt. No. 114 in Case No. SA CV 06-4972 JVS (ANx)].

The aforementioned Judgment is hereby amended, and this Amended Judgment is now entered pursuant to Rule 79 of the Federal Rules of Civil Procedure, as follows:

**1.   KW Automotive North America, Inc.**

    a)   On Vertical Doors, Inc.'s ("VDI") claim of infringement of Claims 1-3 of United States Patent No. 6,845,547 ("the '547 Patent") against KW Automotive North

1

America, Inc. ("KW"), judgment of non-infringement is entered in favor of KW.

    b)   On KW's counterclaim of non-infringement of Claims 1-3 of the '547 Patent, judgment of non-infringement is entered in favor of KW.

    c)   On KW's counterclaim of invalidity, the counterclaim is moot and dismissed without prejudice as a result of the determination of patent non-infringement, so as to be preserved in the event the determination of non-infringement in favor of KW is reversed, vacated, or otherwise altered (See *Liquid Dynamics Corp v. Vaughan Company, Inc.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2004)).

    d)   KW and VDI are each to bear their own costs and attorney fees.

**2.   Dayton Imports Customs, LLC**

    a) VDI dismisses Dayton Imports Customs, LLC, an Ohio limited liability company, dba Recon Engineering, without prejudice.

**3.   J T Bonn, Inc., Tony Yip, Bill Yip, and John Yip**

On Vertical Doors, Inc.'s ("VDI") claims of infringement of Claims 8-10 of United States Patent No. 6,845,547 ("the '547 Patent") and claims of infringement of Claims 1-3 and 6-25 of United States Patent No. 7,059,655 ("the '655 Patent"), and claims of unfair competition under Cal. Bus. & Prof. § 17200 et. seq., all against J T Bonn, Inc., Tony Yip, Bill Yip, and John Yip (collectively "the JT

Defendants"), judgment is entered in favor of VDI and against the JT Defendants as follows:

a) J T Bonn, Inc., Tony Yip, Bill Yip, and John Yip (the JT Defendants), are jointly and severally liable to Vertical Doors, Inc. (VDI) in the amount of $151,696.00, plus attorneys fees in the amount of $416,897.17, plus pre-judgment interest in the amount of $59,076.96, plus post-judgment interest at the rate of 0.69 percent per annum (the one year constant Treasury maturity yield for February 23, 2009 as reported by the Federal Reserve Board of Governors at http://www.federalreserve.gov/releases/h15/Current/), plus costs in the amount of $26,175.99.

b) The JT Defendants literally infringed Claims 8-10 of the '547 Patent; the infringement was not willful.

c) Claims 8-10 of the '547 Patent are not invalid.

d) The JT Defendants literally infringed Claims 1-3 and 6-25 of the '655 Patent; the infringement was not willful.

e) Claims 2-3, 6-8, 10-21, and 24-25 of the '655 Patent are not invalid.

f) Claims 1, 9, 22, and 23 of the '655 Patent are not invalid under 35 U.S.C. § 102(b) or 35 U.S.C. § 103.

g) The Court granted a new trial as to the jury's determination of invalidity of Claims 1, 9, 22, and 23 of the '655 Patent under 35 U.S.C. § 102(a). By tender of the present form of Judgment, VDI requests that the Court

dismiss these claims without prejudice, and the Court does so.

      h)  Judgment is entered in favor of VDI on VDI's claims against the JT Defendants for violation of Cal. Bus. & Prof. § 17200 et seq.

      i)  The JT Defendants are ordered to provide an accounting and allow inspection of JT EVO Doors door hinges and Rear Lambo door hinges as set forth in this Court's Minute Orders entered December 15, 2008 [Dkt. No. 468 in SA CV 05-905 JVS (ANx) and Dkt. No. 113 in SA CV 06-4972 JVS (ANx)], including the 10,834 EVO Doors door hinges and 260 Rear Lambo door hinges referenced in the Court's aforementioned December 15, 2008 Minute Orders.

      j)  Until the compensatory award of $151,696.00 set forth in paragraph 3(a) above is either paid to Vertical Doors, Inc. (payable to "Vista IP Law Group Client Trust Account"), or bond is posted thereon, the JT Defendants are enjoined from making, using, selling, or offering to sell in the United States, and importing into the United States, EVO Doors door hinges and Rear Lambo door hinges. *Union Tool Co. v. Wilson*, 259 U.S. 107, 113-114, 42 S. Ct. 427, 66 L. Ed. 848 (1922); *Birdsell v. Shaliol*, 112 U.S. 485, 488-489, 5 S. Ct. 244, 28 L. Ed 768 (1884); *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1563 (Fed. Cir. 1983).

      k)  Once the compensatory award of $151,696.00 set forth in paragraph 3(a) above is paid, as evidenced by a partial satisfaction filed with the Court (or upon proof by motion), the

4

JT Defendants are enjoined from making, using, selling, or offering to sell in the United States, and importing into the United States, EVO Doors door hinges and Rear Lambo door hinges that are not accounted for as having been part of the 10,834 EVO Doors door hinges or 260 Rear Lambo door hinges referenced in paragraph 3(i) above and in the Court's aforementioned December 15, 2008 Minute Orders.

Respectfully submitted,

Dated: May 6, 2009

/nmcohen/
Neal M. Cohen
Vista IP Law Group LLP
Attorneys for Vertical Doors, Inc.

*****

**DATED: May 14, 2009**

_____
Honorable James V. Selna
United States District Judge

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I served the foregoing document described as **[PROPOSED] AMENDED JUDGMENT PURSUANT TO RULE 79** to all parties to this action as set forth below, on the date set forth below, in the manner(s) checked below.

☒   By the Court's ECF system

☐   By mail service to their attorney(s) of record, at the following address(es), on the date set forth below.

☐   By e-mail service to their attorney(s) of record, at the following email address(es), on the date set forth below.

☐   By fax service to their attorney(s) of record, at the following fax number(s), on the date set forth below.

**Counsel for JT Bonn; Tony Yip; Bill Yip; John Yip**
J. Grant Kennedy (grant@jgrantkennedy.com)   TEL (805) 374-0010
107 N. Reino Road, #410
Newbury Park, CA. 91320


Executed May 6, 2009, Irvine, California.

                                       /nmcohen/

6